suIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**COLUMBIA MUTUAL INSURANCE COMPANY**                                    **PLAINTIFF**

v.                                             **CIVIL ACTION NO.: 3:24-cv-408-KHJ-MTP**

**J&R INTERNATIONAL XIII, LLC,** *et al.*                                    **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Defendants Clifton and Donashae Smith's Motion to Stay Proceedings [26]. Having considered the Motion to Stay [26], the parties' submissions, and the applicable law, the Court finds that the Motion [26] should be DENIED.

## BACKGROUND

On January 22, 2016, Donashae Smith fell and sustained injuries while shopping at a gas station allegedly owned and/or operated by Jayesh Patel and J&R International XIII, LLC, ("J&R") and located at 550 Highway 80 West, Clinton, MS, 39056.[1] [1-2] at 2. Donashae and Clifton Smith then filed a lawsuit against Patel and J&R in the Hinds County Circuit Court on January 18, 2019, seeking damages for Donashae's injuries.

Patel and J&R never answered the complaint filed in the Hinds County Circuit Court, so a default judgment was entered against them on July 14, 2021. *See* [1-3]. On August 31, 2023, the Hinds County Circuit Court entered a $260,000.00 judgment against Patel and J&R. *See* [1-4]. That judgment has not yet been paid nor satisfied.

---

[1] Plaintiff asserts that this gas station was neither owned nor operated by J&R International XIII, LLC, at any time. Rather, J&R International IV, LLC, owned and/or operated the gas station located at 550 Highway 80 West. *See* [1] at 8.

Enter Plaintiff Columbia Mutual Insurance Company ("Columbia"). Columbia was an insurer for J&R at the time Donashae fell and sustained her injuries.[2] However, Columbia says that it insured J&R for a premises located at 1911 Highway 471, Brandon, MS, 39047—not 550 Highway 80 West, Clinton, MS, 39056, where the fall allegedly occurred.[3] *See* [1] at 5.

Regardless, Columbia says that it first received notice of the Hinds County Circuit Court lawsuit "on or about June 6, 2024"—nearly ten months after the Hinds County Circuit Court entered a judgment against J&R. *Id*. Columbia promptly notified Patel and J&R that it would provide a defense to the Circuit Court lawsuit "under a full and complete reservation of rights." *Id*.

Columbia then brought this declaratory judgment action to determine its rights and obligations to Patel and J&R. Columbia also named the Smiths as Defendants in this action. The Smiths failed to timely answer the Complaint [1], so the Clerk entered its Entry of Default [21] against the Smiths on November 18, 2024. That same day, the Smiths moved to set aside the entry of default.[4] *See* [22].

On November 19, 2024, the Smiths filed their Motion to Dismiss [24], arguing that this Court should dismiss Columbia's Complaint [1] under the "abstention doctrine" because of the underlying state court action. Believing that their Motion to Dismiss [24] raises a jurisdictional defense requiring a stay under L.U. Civ. R. 16(b)(3), the Smiths filed the instant Motion to Stay

---

[2] Columbia issued J&R a Businessowners' Policy for a period of coverage effective between September 26, 2015, and September 26, 2016. *See* [1] at 4; [1-1].

[3] In its Motion for Summary Judgment [29], Columbia argues, *inter alia*, that it owes no duty to defend or indemnify Patel and J&R since the accident allegedly did not occur at a property that it insured.

[4] On November 18, 2024, the Smiths also moved to amend their complaint in the Hinds County Circuit Court to add Columbia as a defendant therein. *See* [25] at 3.

2

[26].  Additionally, the Smiths urge the Court to exercise its "broad discretion" and stay discovery since there are multiple parties herein, "such that[] a lengthy discovery process is foreseeable."  [26] at 2.

Columbia opposes the Motion to Stay [26], saying that the Smiths have not "allege[d] the type of 'jurisdictional defense' contemplated by L.U. Civ. R. 16(b)(3)(B)" nor have they demonstrated "good cause" under Fed. R. Civ. P. 26 sufficient to stay this matter.  *See* [33] at 1.

## ANALYSIS

Rule 16(b)(3)(B) of the Local Uniform Civil Rules provides that "[f]iling a motion … asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal."  L.U. Civ. R. 16(b)(3)(B).

In their Motion to Dismiss [24], the Smiths "request that this Court dismiss this action under the doctrine of abstention in favor of the currently pending state court action."  [25] at 3.  The Smiths say that "retention of jurisdiction in federal court would not promote judicial economy but would result in duplicitous litigation."  *Id*. at 7.  Therefore, the Smiths request that the Court stay the proceedings pending the resolution of their Motion to Dismiss [24].  *See* [26] at 2.

The Court agrees with Columbia that the Smiths have not alleged the type of jurisdictional defense contemplated by the Local Rules.  The Smiths do not argue that the Court *lacks* jurisdiction but only that the Court should *refrain* from exercising jurisdiction.  Accordingly, the Smiths are not entitled to an automatic stay by virtue of L.U. Civ. R. 16(b)(3)(B).

Still, the Smiths implore the Court to exercise its "broad discretion" and stay discovery under Fed. R. Civ. P. 26 pending resolution of their Motion to Set Aside Default [22] and their Motion to Dismiss [24].

Under Fed. R. Civ. P. 26, courts may "stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011). In doing so, courts consider "(1) the breadth of discovery sought; (2) the burden of responding to that discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *DFW Dance Floors, LLC v. Suchil*, 2023 WL 1805848 (N.D. Tex. Feb. 7, 2023).

Here, the Smiths do not explain what "undue burden or expense" they imagine but say only that there are "multiple parties" in this matter and that a "lengthy discovery process is anticipated." [37] at 2; *see also* [26] at 2.

The Court finds that the Smiths' general statements concerning the number of parties and the potential for a lengthy discovery process is not sufficient cause to stay discovery in this case. Discovery has not commenced as a case management order has not yet been entered in this matter. The Court therefore cannot evaluate under Rule 26 the breadth of the discovery sought nor the burden of responding to the same.

Moreover, the Smiths have not yet answered the Complaint [1] but have instead filed a Motion to Dismiss [24], essentially staying their time to answer and the onset of discovery in this matter. Accordingly, a stay is not necessary at this time.[5]

---

[5] In their Reply [37], the Smiths argue that Columbia's Motion for Summary Judgment [29] is premature as "the parties may want to conduct discovery in this matter prior to a ruling" on the Motion [29]. [37] at 2. However, the Smiths have not filed a Rule 56(d) motion, and any discovery issues relating to the pending Motion for Summary Judgment [29] should be presented separately to the District Judge.

5

IT IS, THEREFORE, ORDERED that Defendants Clifton and Donashae Smith's Motion to Stay Proceedings [26] is DENIED.

SO ORDERED, this the 9th day of December, 2024.

s/Michael T. Parker
United States Magistrate Judge